United States District Court
Southern District of Texas
**ENTERED**
March 17, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Don Green, *et al.*, §
　　　　　　　　　　　　　§
　　　　Plaintiffs, §
　　　　　　　　　　　　　§
*versus* § Civil Action H-17-3567
　　　　　　　　　　　　　§
Rodney Tow, §
　　　　　　　　　　　　　§
　　　　Defendant. §

*In re* § Bankruptcy 14-32867
Garrison Municipal Partners, LP, §
　　　　　　　　　　　　　§
　　　　Debtor. §

## Opinion on Appeal

1.　*Background.*

　　In 2008, Don and Kathy Green gave Garrison Municipal Partners, LP, $1,969,298 to be limited partners. Under the partnership agreement, a limited partner could voluntarily withdraw his interest at the end of each fiscal quarter.

　　On November 13, 2013, the Greens gave written notice of their intent to withdraw. Their withdrawal became effective at the end of the fiscal quarter on December 31, 2013. Garrison Municipal Partners was obliged to pay – at the latest – following the financial audit for the fiscal year of the withdrawal date being completed. Garrison Municipal Partners did not pay the Greens.

　　On May 22, 2014, Garrison Municipal Partners filed for Chapter Seven bankruptcy.

　　On August 21, 2014, the Greens filed their claim in the bankruptcy for the $1.9 million as a general unsecured debt.

　　On October 31, 2017, the bankruptcy court subordinated the Greens'

claim under 11 U.S.C. § 510(b), holding that the Greens' claim was for breach of contract, and that they were seeking to recover an equity interest.

On November 11, 2017, the Greens appealed that order to this court. The Greens will prevail.

2. *Subordination.*

Under 11 U.S.C. § 510(b), for distributing bankruptcy assets:

> A claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security.

The bankruptcy court and the trustee, Rodney Tow, argue that the Greens' claim was merely a breach of contract claim because Garrison Municipal Partners violated the limited partnership agreement by not paying the withdrawal request on time. They say the claim is not independent of the equity interest because it arose from the purchase of the security interest – the claim would not exist if the Greens had not bought the equity. They also argue that the claim cannot be a redemption because that would require either the debtor to take action, like issuing a promissory note, or the provision be self-executing.

The Greens' claim most closely resembles a redemption claim. Once the deadline to pay the Greens had passed, what was originally an equity interest became a fixed debt. This debt interest was sufficiently separate from the original limited partnership interest. The Greens no longer got the benefit of that equity interest as they no longer had any right to the income, gains, and losses of Garrison Municipal Partners. They could solely claim the fixed amount they should have been paid. The size of their debt interest became fixed at the time

of withdrawal and could no longer change in value like an equity interest would.

It is irrelevant that a separate promissory not was not issued by Garrison Municipal Partners. A debt is a debt whether a note is issued or an affirmative act is taken by the debtor. Holding otherwise would allow a debtor to pick and choose how it classifies its own obligations. The withdrawal provision was self-executing – after the deadline to pay had expired, it became a fixed liability. The discretion Garrison Municipal Partners had was how and by what means that liability could be paid.

The Greens and Garrison Municipal Partners went through the trouble when creating the partnership agreement to design it as more than just a simple cash loan – to the benefit of all parties. Allowing Garrison Municipal Partners unilaterally to change the functioning of the agreement years later goes against common business sense.

Because the Greens' claim had converted from an equity interest to a fixed debt interest, the bankruptcy court erred in subordinating their claims under 11 U.S.C. § 510(b).

3. Conclusion.

Because of the bankruptcy court's error, the order will be vacated, and the Greens' claim will not be subordinated.

Signed on March __17__, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge